JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENE PRADO, and CINDY CALAHAN, as individuals, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> vs.<br><br>WAREHOUSE DEMO SERVICES, INC., a Washington Corporation; CLUB DEMONSTRATION SERVICES, INC., a Connecticut Corporation; and DOES 1 through 10,<br><br>     Defendants. | Case No.  CV14-3170 JFW (Ex)<br><br>**ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Judge John  F. Walter<br>Date:  November 2, 2015<br>Time:  1:30 p.m.<br>Dept.:  16 |

1

This matter came on for hearing on November 2, 2015, at 1:30 p.m., in Department 16 of the United States District Court for the Central District of California before the Honorable John F. Walter.  Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings held herein, all oral and written comments and any objections received regarding the proposed settlement, having reviewed the record in the above captioned matter, and good cause appearing thereto,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Class Representatives, Defendants Warehouse Demo Services, Inc. and Club Demonstration Services, Inc. (collectively "Defendants"), and all members of the Subclasses, which are defined as follows (the Subclasses are collectively referred to herein as the "Settlement Class"):

**Rest Period Subclass**:  The "Rest Period Subclass" means all current and former non-exempt employees of WDS who worked in California as a Demonstrator and/or Lead (also referred to as Sales Advisor and/or Shift Supervisor in or about 2014), and who have worked shifts longer than 6.0 hours, but shorter than 7.50 hours, in a workday from April 2, 2011, through the date of Preliminary Approval.

**CDS Rest Period Subclass**:  The "CDS Rest Period Subclass" means all current and former non-exempt employees of CDS who worked in California as a Demonstrator and/or Lead (also referred to as Sales Advisor and/or Shift Supervisor in or about 2014) at locations that were previously WDS prior to being acquired by CDS, and who have worked shifts longer than 6.0 hours, but shorter than 7.50 hours in a workday from April 2, 2011, through the date of Preliminary Approval.

**FLSA Overtime Subclass**: The "FLSA Overtime Subclass" means all current and former non-exempt employees of Defendants in the United

ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL

States who have held the position(s) of Demonstrator and/or Lead (also referred to as Sales Advisor and/or Shift Supervisor in or about 2014), and who have worked over 40 hours in a workweek, and have earned a "We Drive Sales" Bonus during a corresponding workweek, from April 24, 2011, through the date of Preliminary Approval.

**California Incentive Pay Subclass**:  The "California Incentive Pay Subclass" means all current and former non-exempt employees of Defendants who worked in California as a Demonstrator and/or Lead (also referred to as Sales Advisor and/or Shift Supervisor in or about 2014), and who have either: (a) worked over 8 hours in a workday, and/or (b) 40 hours in a workweek, and/or (c) received a meal period premium, and who have earned a "We Drive Sales" bonus during a corresponding time period, from April 2, 2011, through the date of Preliminary Approval.

**Waiting Time Penalty Subclass**: The "Waiting Time Penalty Subclass" means all members of the Rest Period Subclass, CDS Rest Period Subclass and/or California Incentive Pay Subclass who separated their employment between April 24, 2011, through the date of Preliminary Approval.

**Wage Statement Subclass**: The "Wage Statement Subclass" means all members of the Rest Period Subclass, CDS Rest Period Subclass and/or California Incentive Pay Subclass who worked in California from April 24, 2013, through the date of Preliminary Approval.

**PAGA Aggrieved Employees Subclass**: The "PAGA Aggrieved Employees Subclass" means all current and former non-exempt employees of Defendants who worked in California as a Demonstrator and/or Lead (also referred to as Sales Advisor and/or Shift Supervisor in or about 2014), and who are also a member of the Rest Period Subclass, and/or CDS Rest Period Subclass, and/or California Incentive Pay Subclass, and/or Waiting Time Penalty Subclass, and/or Wage Statement Subclass from April 24, 2013, through the date of Preliminary Approval.

2.      The terms "Settlement" or "Settlement Agreement" shall refer to the Settlement Agreement filed by the Class Representatives on April 6, 2015 (Docket Entry 131-2), and all terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided herein.

ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL

3.    The Court grants final approval of the Parties' Settlement Agreement because it meets the criteria for final settlement approval.  The settlement falls within the range of possible approval as fair, adequate and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all members of the Settlement Class fairly.

4.    The Court finds that the distribution by U.S. first-class mail of the Class Notices and Opt-in Form constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution and applicable state law.  Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Notice to the Settlement Class was adequate.  The Notices informed members of the Settlement Class of the terms of the Settlement, their right to object to the Settlement or Class Counsel's Motion for Attorney's Fees and Costs and the Class Representatives' Incentive Payments, their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding approval of the Settlement and Class Counsel's motion for Attorney's Fees and Costs and the Class Representatives' Incentive Payments, their right to exclude themselves from the Settlement and pursue their own remedies, and the right of FLSA Overtime Subclass members to opt-in to the Settlement.  Adequate periods of time were provided by each of these procedures.  No members of the Settlement Class objected to the Settlement or Class Counsel's motion for Attorney's Fees and Costs and the Class Representatives' Incentive Payments, and only 18 Settlement Class members opted out of the Settlement.

5.    The Court finds, for purposes of settlement only, that the Settlement Class satisfies the applicable standards for certification under Federal Rules 23(a), 23(b)(3) and the Fair Labor Standards Act.  Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Settlement Class, as

4

defined above.  Because the Settlement Class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3).  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

6.      The Court approves the Settlement, and each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settlement Class, the Class Representatives, and Defendants (collectively the "Settling Parties").  The Settling Parties and the Claims Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

7.      Except as to any member of the Settlement Class who has validly and timely opted out of the Settlement, and all Settlement Class members who are solely members of the FLSA Overtime Subclass and who did not opt-in, all of the claims asserted in the Action are dismissed with prejudice as to the Class Representatives and the members of the Settlement Class.  The Settling Parties are to bear their own attorney's fees and costs, except as otherwise provided in the Settlement Agreement.

8.      By this Judgment, the Class Representatives and Settlement Class members who have not validly and timely opted out of the Settlement, and all FLSA Overtime Subclass members who have affirmatively opted-in (collectively the "Releasing Members"),  hereby release Defendants and the Released Parties (as defined in the Settlement Agreement) from the Settled Claims (as defined in the Settlement Agreement).

9.      By this Judgment, the Releasing Members and Class Counsel shall be deemed to have released all claims for attorney's fees and costs incurred in connection with the litigation and settlement of the Action.

ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL

10.    The Action is dismissed on the merits and with prejudice, permanently barring the Releasing Members from prosecuting any of the Released Claims.  The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representative, the Settlement Class, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

11.    The Court finds that the plan of allocation for the shares of the Gross Settlement Sum as set forth in the Settlement Agreement is fair and reasonable and that distribution of the Net Settlement Sum to the Settlement Class shall be done in accordance with the terms outlined in the Notices and Settlement Agreement.

12.    The Court hereby confirms the appointment of Selene Prado and Cindy Calahan as Class Representatives for the Settlement Class for purposes of settlement.

13.    The Court hereby confirms the appointment of Hernaldo J. Baltodano of Baltodano & Baltodano LLP, and Paul K. Haines and Fletcher W. Schmidt of Boren, Osher & Luftman LLP as Class Counsel for the Settlement Class for purposes of settlement and the releases and other obligations therein.

14.    Defendants have agreed for the Claims Administrator to pay from the Gross Settlement Sum:  (i) the Claims Administrator its reasonable fees for its services; and (ii) the Incentive Payments to the Class Representatives to reimburse them for their valuable services to the Settlement Class.  The Court hereby approves the payment of settlement administration costs in the amount of $55,000 to CPT Group, Inc., the Claims Administrator, for services rendered in this matter. The Court also approves the Incentive Payments to Class Representative Prado in the amount of $10,000, and to Class Representative Calahan in the amount of $5,000 to reimburse the Class Representatives for their valuable services in

6

initiating and maintaining this litigation and the benefits conferred onto the Settlement Class and Defendants' current and future employees as a result of the Action.  The Court finds that these payments are fair and reasonable. The Claims Administrator is directed to make the foregoing payments in accordance with the terms of the Settlement Agreement.

15.     The Court hereby awards to Class Counsel the amount of $1,275,000 for attorney's fees, and the amount of $71,716.44 for costs.  Based on Plaintiffs' Motion for Attorney's Fees and Costs, and Class Representative Incentive Payments, the Court finds that Class Counsel advanced legal theories on a contingent-fee basis, and that their efforts resulted in a substantial monetary recovery for the Settlement Class in addition to meaningful non-monetary relief. The Court finds this payment to be fair and reasonable.  The Claims Administrator is ordered to wire these funds to Class Counsel in accordance with the terms of the Settlement Agreement.

16.     This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: November 2, 2015

_____
The Honorable John F. Walter
United States District Judge

ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL